IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Located in Baltimore

IN RE

| | |
|---|---|
| James A. Nelson | Case No. 14-23965-NVA |
| Aka James Arthur Nelson | Chapter 13 |
|     Debtor | |

PNC Bank, National Association

Movant

     v.

James A. Nelson
Aka James Arthur Nelson
2804 Glen Elyn Way
Baldwin, MD 21013

and

Megan J. Meginnis
Aka Megan A. Meginnis
2804 Glen Elyn Way
Baldwin, MD 21013


     Respondents
_____

### MOTION FOR RELIEF FROM AUTOMATIC STAY AND FOR *IN REM* OR PROSPECTIVE RELIEF OR IMPOSITION OF EQUITABLE SERVITUDE

    COMES NOW, PNC Bank, National Association, movant, by its attorneys, Mark D. Meyer and Rosenberg & Associates, LLC, and respectfully represents as follows:

    1.    Jurisdiction is based on 11 U.S.C. Section 362(d)-(f).

    2.    On or about September 8th, 2014, prior to a foreclosure sale scheduled for September 9th, 2014, James A. Nelson ("Debtor") filed a Voluntary Petition in the Court

under Chapter 13 of the Bankruptcy Code.

    3.    Nancy Spencer Grigsby is the Chapter 13 trustee of the Debtor's estate.

    4.    The co-debtor, Megan J. Meginnis, is a borrower on Note and co-owner of the subject property.

## **BANKRUPTCY BACKGROUND**

    5.    Prior to a foreclosure sale scheduled for September 13, 2012, James A. Nelson filed his first Chapter 13 bankruptcy case in this Court on September 11, 2012, commencing case number 12-26624 ("First Bankruptcy Case").  After the case was filed, the case was dismissed on December 10, 2012, docket entry 17, for failure to attend Meeting of Creditors. The Debtor has also filed the following Bankruptcy case to prevent another scheduled sale: Case # 13-16494, chapter 13, filed April 15, 2013. The sale was scheduled for April 18, 2013. This bankruptcy converted to Chapter 7 and resulted in a discharge on September 2, 2014.

    6.    In order to prevent another foreclosure sale from taking place on December 12, 2013, the co-debtor, Megan J. Meginnis, filed a Chapter 13 bankruptcy case in this Court on December 6, 2013, commencing case number 13-30538.  The case was dismissed on January 30, 2014, docket entry 13, for failure to complete required filings.   In order to prevent another scheduled foreclosure sale from taking place, Megan J. Meginnis filed the following Bankruptcy case: Case #14-15113, chapter 13 filed April 1, 2014, dismissed May 23, 2014 for failure to file required documents. That sale was scheduled for April 3, 2014.

    7.    The debtor and co-debtor have now filed five (5) bankruptcy cases in this Court, all with foreclosure sales having been scheduled by the Movant, and only one (1)

chapter 7 case resulted in a discharge, with all other cases being dismissed for failure to file required documents and failure to appear at the Meeting of Creditors.

## **REAL PROPERTY**

8. At the time of the initiation of these proceedings the Debtor and Co-Debtor owned a parcel of fee simple real estate located in Hartford County, Maryland known as 2804 Glen Elyn Way, Baldwin, MD 21013 (hereinafter "the Subject Property").

9. The subject property is encumbered by a Deed of Trust securing the Movant, and recorded in the land records of Hartford County, Maryland. A copy of the Deed of Trust is attached hereto.

10. The total amount due under the Deed of Trust securing the Movant as of October 29, 2014 is approximately $389,287.16. The original principal balance in October 25, 2002 was $271,200.00. The loan is contractually due for May 20, 2010 and equity in the residence is dissipating.

11. The Debtor and co-debtor are in default under the Deed of Trust, and the Movant has accelerated the entire balance of the Note and Mortgage and interest continues to accrue.

12. The Movant lacks adequate protection of its interest in the subject property. The value of the subject of the property is listed by the current tax assessment value is $363,000 and is listed by the Debtor in Schedule A at $380,000.00. There is no equity in the subject property.

13. The Movant has been and continues to be irreparably injured by the stay of Sections 362 of the Bankruptcy Code, which prevents Movant from enforcing its

rights under the Note and Deed of Trust.

14. Cause exists for lifting the automatic stay imposed by Sections 362 of the Bankruptcy Code to enable the Movant to enforce its rights under its Note and Deed of Trust.

15. The subject property is not necessary for an effective reorganization.

## BAD FAITH FILING

16. This is the fifth bankruptcy filing in by the Debtor and Co-Owner since September 2012.

17. The Movant has been unsuccessful in completing foreclosure proceedings because each time a foreclosure sale has been scheduled, the debtor or co-debtor has filed a new case a day or two before the sale date.

18. In the docketed foreclosure action, the Movant filed a statement of debt in the amount of $316,347.08 on February 6, 2012. Today, the Movant is owed $389,287.16. No payments have been made on the loan since 2010 and the balance has increased over $70,000.00.

20. Additionally, the Movant has advanced $25,763.71 for real property taxes and hazard insurance.

21. The Debtor has filed this Fifth Bankruptcy Case, merely for the purpose of delaying the Movant from exercising its rights of foreclosure as a sale had been scheduled.

22. To protect against a possible future bankruptcy filing by the Debtor or Co-Debtor, the Movant requests that this Court grant an Order providing protection for the

Movant with respect to this Property from any future bankruptcy filing.

WHEREFORE, the Movant, PNC Bank, National Association, respectfully requests that this Honorable Court:

1. Enter an order terminating the automatic stay imposed by Sections 362 of the Bankruptcy Code to enable it to proceed with a foreclosure sale of the real property and improvements located at 2804 Glen Elyn Way, Baldwin, MD 21013; and

2. Grant prospective relief such that any future bankruptcy filing by the Debtor, Megan J. Meginnis or any party to which they may transfer the Subject Property, will not create a stay with respect to the Subject Property for 180 days; and

3. Grant such other and further relief as may be just and necessary.

Respectfully Submitted,

/s/ Mark D. Meyer
Mark D. Meyer, #15070
Rosenberg & Associates, LLC
7910 Woodmont Ave., Suite 750
Bethesda, MD 20814
(301) 907-8000
(301)907-8101 (fax)

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this 31st day of October, 2014, a copy of the foregoing Motion for Relief from the Automatic Stay was mailed, first class postage prepaid, to the following who were not served electronically:

| | |
|---|---|
| James A. Nelson<br>2804 Glen Elyn Way<br>Baldwin, MD 21013 | Megan J. Meginnis<br>2804 Glen Elyn Way<br>Baldwin, MD 21013 |

Nancy Spencer Grigsby, Trustee
4201 Mitchellville Road
Suite 401
Bowie, MD 20716


                                                 /s/ Mark D. Meyer
                                                 Mark D. Meyer